THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO., | : 3:22cv833 |
| Plaintiff, | : |
| v. | : 3:21-CV-605 |
| | : (JUDGE MARIANI) |
| DELTA FAUCET CO., | : |
| Defendant. | : |

FILED
SCRANTON
SEP 2 2 2022
PER _____
DEPUTY CLERK

## ORDER

The background of this Order is as follows:

Presently before the Court is Plaintiff's Amended Motion to Consolidate (Doc. 30).

Plaintiff State Farm Fire & Casualty Company originally brought the above-captioned action against Defendant Delta Faucet Company, and Delta remains the only defendant in this action. Plaintiff, however, brought a second action against Eastern Penn Supply Company and W.H. Conyngham & Company, Inc. in Civil Action No. 3:22-cv-833. In the second action, Plaintiff asserts that the failed product in question, a shower head, used by Plaintiff's subrogors was a counterfeit product sold by Eastern Penn Supply. (Doc. 28 at 1). Thus, in the second action, civil action No. 3:22-cv-833, Plaintiff brought suit against Eastern Penn Supply. In that action, Plaintiff filed an amended complaint on September 7, 2022 adding W.H. Conyngham & Company, Inc. as a defendant, alleging that at the time of the shower sale, Eastern Penn Supply was owned by W.H. Conyngham. The amended complaint has since been stricken without prejudice on procedural grounds.

Because Delta is a defendant in the action before this Court but is not named as a defendant in the action at No. 3:22-cv-833 and it appears that there are common questions of law and fact that will determine the liability, if any, among the Defendants in each action, the Court will grant Plaintiff's Amended Motion to Consolidate (Doc. 30).[1] Furthermore, consolidation is warranted under Fed. R. Civ. P. 20(a)(2)(A-B), which provides:

(a) PERSONS WHO MAY JOIN OR BE JOINED

...

> (2) *Defendants.* Persons ... may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> > (B) any question of law or fact common to all defendants will arise in the action.

**ACCORDINGLY, THIS** 22nd **DAY OF SEPTEMBER 2022, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Amended Motion to Consolidate (Doc. 30) is **GRANTED.**

2. Plaintiff's Motion to Consolidate (Doc. 20) is **DISMISSED AS MOOT**.

---

[1] Plaintiff submitted a Certificate of Concurrence with his Amended Motion to Consolidate representing that Delta Faucet Company concurs in Plaintiff's Motion. (Doc. 30-5 at 1). The Certificate also notes that "Defendants Eastern Penn Supply Company and W.H. Conyngham & Company are, to Plaintiff's best knowledge, not yet represented by Counsel" and their "positions on consolidation are unknown to Plaintiff at this time." (*Id.*). These facts notwithstanding, the Plaintiff's claims, in that they require an allocation of any liability that may be shown in this case among Delta Faucet Company, Eastern Penn Supply Company, and W.H. Conyngham & Company, are best resolved in the single action to which Eastern Penn Supply Company and W.H. Conyngham & Company are already party defendants.

3. The above-captioned civil action No. 3:21-cv-605 is **CONSOLIDATED** at civil action No. 3:22-cv-833.

4. All further filings shall be made under civil action No. 3:22-cv-833.

5. The Clerk of Court is directed to **CLOSE** civil action No. 3:21-cv-605.

Robert D. Mariani
United States District Judge